# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAVE CAMPBELL, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:17-cv-02390-JAR |
| BAYLARD, BILLINGTON, DEMPSEY & JENSEN, P.C., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiffs' motions to strike (Doc. Nos. 132, 134, 136, and 138) and to withdraw (Doc. No. 141). Defendants oppose the motions to strike. For the reasons set forth below, Plaintiffs' motions to strike will be denied, and the motion to withdraw will be granted.

Plaintiffs filed this action pro se on September 11, 2017, asserting numerous counts against numerous defendants, and they filed a first amended complaint as a matter of course on September 25, 2017 (Doc. No. 3). In response, Defendants filed separate motions to dismiss the first amended complaint (Doc. Nos. 37, 41, 44, 47).

On December 18, 2017, Plaintiffs sought leave of the Court to file a second amended complaint "to admit essential evidence and correct dates that were inadvertently mistyped," as well as cure the pleading deficiencies highlighted in the motions to dismiss (Doc. No. 93). The Court granted Plaintiffs' motion on January 9, 2018, and Defendants filed separate motions to dismiss the second amended complaint. (Doc. Nos. 120, 125, 127, and 129). Plaintiffs now move for those motions to dismiss to be stricken, suggesting that the time to respond to their lawsuit had passed; that the motions to dismiss were duplicative; and that the motions to dismiss

were moot based on the Court's order denying as moot the motions to dismiss filed in response to Plaintiffs' first amended complaint.

It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884)). Generally, when a district court permits a plaintiff to file an amended complaint, pending motions pertaining to the original complaint are denied as moot, and the defendants then have the opportunity to file motions concerning the amended complaint within the time constraints set forth in Federal Rule of Civil Procedure 15(a). *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F. 3d 952, 956 (8th Cir. 2002).

Here, the second amended complaint is the operative complaint, and Defendants were required to file responsive pleadings. The motions to dismiss the second amended complaint were properly and timely filed. Therefore, Plaintiffs' motions to strike will be denied. However, as Plaintiffs noted in their motion to withdraw, their second amended complaint rendered moot their motions for default judgment against Defendants Woodland Lakes Neighborhood Community Watch and Washington County Sheriff's Department (Docs. 77 and 79). Therefore, the Court will allow Plaintiffs to withdraw the motions for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motions to strike (Doc. Nos. 132, 134, 136, and 138) are **DENIED.** Plaintiffs are directed to file any opposition to Defendants' pending motions to dismiss the second amended complaint (Doc. Nos. 120, 125, 127, and 129) on or before **March 1, 2018**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to withdraw (Doc. 141) is

**GRANTED.**

Dated this 6th day of February, 2018.

							_____
							**JOHN A. ROSS**
							**UNITED STATES DISTRICT JUDGE**