UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVE CAMPBELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:17-cv-02390-JAR |
| BAYLARD, BILLINGTON, DEMPSEY & ) | |
| JENSEN, P.C., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on various pro se motions and filings of Plaintiffs. For the following reasons, the Court will deny Plaintiffs' motion for reconsideration (Doc. No. 168) and motion for recusal (Doc. No. 192), and grant their motion for leave to file an additional memorandum in opposition to pending dismissal motions (Doc. No. 198).

Plaintiffs first seek reconsideration of the Court's February 6, 2018 Order under Federal Rule of Civil Procedure 60, on the grounds that a motion to dismiss is not a responsive pleading. Although district courts have discretion in ruling on motions for reconsideration, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Plaintiffs have failed to demonstrate that reconsideration is warranted here. The Court gave careful consideration to the legal arguments presented by Plaintiffs regarding their belief that a motion to dismiss is not a responsive pleading, and the Court cited case law in support of its holding to the contrary. Upon review of the instant motion, the Court does not find Plaintiffs' arguments in support of reconsideration persuasive or based on any legal grounds. Thus, the motion will be denied.

Plaintiffs also advance a successive motion for recusal of the undersigned, apparently seeking review of their motion by Chief Judge Sippel. A motion to disqualify judge must be decided by the same judge whose impartiality is being questioned. *See, e.g., In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994); *United States v. Balistrieri*, 779 F.2d 1191, 1202 03 (7th Cir. 1985). Plaintiffs in their motion cite to a state court case that does not apply in federal court and does not apply under the circumstances present in this case. As a result, Plaintiffs' suggestion that this issue be decided by another judge is unfounded, and their motion will be denied on the same grounds articulated in the Court's prior orders denying Plaintiffs' motion for recusal.

Lastly, Plaintiffs request leave to file an additional memorandum in opposition to the motions to dismiss filed by Defendants. That motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (Doc. No. 168) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for recusal (Doc. No. 192) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs' motion for leave to file additional memorandum in opposition to pending dismissal motions (Doc. No. 198) is **GRANTED**.

Dated this 22nd day of March, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**