UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVE CAMPBELL, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:17-cv-02390-JAR |
| BAYLARD, BILLINGTON, DEMPSEY & JENSEN, P.C., et al., | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This matter is before the Court on Defendant Woodland Lakes Community Neighborhood Watch's motions to set aside clerk's entry of default (Doc. No. 176) and for extension of time to file responsive pleading out of time (Doc. No. 177). Plaintiffs oppose both motions. (Doc. Nos. 185, 186, 187, 189).

Also before the Court are Plaintiffs' motions for leave to file additional memoranda in opposition to Defendant Woodland Lakes Community Neighborhood Watch's motions to set aside and for extension of time. (Doc. No. 196 and 197). Plaintiffs' motions to file additional memoranda in opposition will be granted, and the Court reviewed those memoranda before making its ruling. For the reasons set forth below, Defendants' motions will be granted.

### BACKGROUND

Plaintiffs filed this action on September 11, 2017, naming 41 Defendants. Plaintiffs served the summons and complaint upon Defendant Woodland Lakes Community Neighborhood Watch ("Neighborhood Watch") and, when Neighborhood Watch failed to file a responsive pleading, filed a motion for default judgment on December 11, 2017. (Doc. No. 79).

On December 18, 2017, Plaintiffs sought leave to file a second amended complaint, which the Court granted. (Doc. No. 110). Plaintiffs then withdrew by motion their motion for default

judgment against Defendant Neighborhood Watch. (Doc. No. 141). That same day, February 5, 2018, Plaintiffs filed a second motion for entry of clerk's default against Neighborhood Watch (Doc. No. 145), and, on February 6, 2018, the Clerk of the Court granted Plaintiffs' motion (Doc. No. 155).

On February 27, 2018, Neighborhood Watch filed a motion to set aside the Clerk's entry of default. (Doc. No. 176). In support, Defendant Neighborhood Watch states that it received the second amended complaint through a 77-year-old part-time volunteer treasurer of the organization who lost track of the deadline to respond to the second amended complaint and was further confused by Plaintiffs' motion to withdraw their initial motion for default. Neighborhood Watch claims that it has a meritorious defense and that Plaintiffs would not be prejudiced if the default were to be set aside, given that the case is still in the early stages of litigation. Neighborhood Watch advanced similar arguments in its motion for leave to file a responsive pleading out of time. (Doc. No. 177).

In support of its motion, Neighborhood Watch submitted the affidavit of Francis Oscar Darian, Jr., the president of Neighborhood Watch, stating that the treasurer was responsible for receiving mail for the organization and was confused by the various documents sent by Plaintiffs. (Doc. No. 176-1). Mr. Darian also stated that upon learning of the Clerk's entry of default, which it had previously believed had been withdrawn by motion, it retained counsel and now seeks to represent its interests in the lawsuit.

Plaintiffs oppose the motion to set aside default, arguing that Mr. Darian's affidavit was false and constituted hearsay evidence that could not be relied upon by the Court. (Doc. No. 186). They further argue that Neighborhood Watch's failure to timely respond was intentional, citing the fact that the registered agent's husband is also a named Defendant in this action. Plaintiffs

believe that Mr. Darian was aware of the lawsuit, but was using the registered agent for a "scape goat" for his decision to refuse or return the summons and complaint. Thus, Plaintiffs contend that Neighborhood Watch cannot satisfy the good cause requirement for setting aside a Clerk's entry of default.

In its Reply, Neighborhood Watch submits the affidavit of Patricia Deis, the treasurer and registered agent of Neighborhood Watch, to alleviate the hearsay concerns of Plaintiffs. (Doc. No. 195). It contends that Plaintiffs failed to distinguish between the actions and inactions of Neighborhood Watch's officers or directors performed in their official versus unofficial capacities. (Doc. No. 195). It further notes that Plaintiffs conflate these actions and inactions with those of the Woodland Lakes Trusteeship, Inc., which is a separate and distinct entity.

In their sur-reply,[1] Plaintiffs assert that the submission of Patricia Deis's affidavit was procedurally improper and "has prejudiced Plaintiffs' Response." (Doc. 196-2 at 3). Plaintiffs then document a number of actions by Mr. Darian, such as collecting $2,000 from Plaintiffs and forcing Plaintiffs to move their vehicle from a parking spot in 2011 as evidence of his bad faith toward Plaintiffs.

## DISCUSSION

The court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). The showing necessary to set aside a default entry is not as stringent as that necessary to vacate a default judgment. *Johnson*, 140 F.3d at 784. The Eighth Circuit has explained the reason for this distinction as follows:

---

[1] On March 15, 2018, Plaintiffs filed a motion for leave to file a sur-reply, which the Court will grant. (Doc. No. 196).

> There is a judicial preference for adjudication on the merits . . . , and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits.

*Id*. (internal citation and quotations omitted). In considering whether good cause exists, a district court should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.*; *see also Stephenson v. El–Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008).

Here, Neighborhood Watch submitted two affidavits attesting to the confusion of its registered agent, an elderly volunteer treasurer, and her mistaken belief that Plaintiffs' motion for default had been withdrawn. Indeed, Plaintiffs have filed numerous motions and other filings since initiating this lawsuit that could make the procedural posture in this case difficult to discern.

On the other hand, as Plaintiffs correctly point out in their briefing, this volunteer is a registered agent who has an affirmative duty to receive papers related to litigation involving Neighborhood Watch, and she should have reviewed the papers more closely. However, when the Court compares her conduct to that excused by the Eighth Circuit under the more stringent "excusable neglect" standard, the registered agent's conduct is not adequate ground to deny Neighborhood Watch's motion to set aside the clerk's entry of default. *See, e.g.*, *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (finding excusable neglect where defendant neglected to file an answer because of recording error by legal department); *Johnson*, 140 F.3d at 784–85 (finding good cause to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer); *Feeney v. AT & E, Inc.*, 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a

judgment, where the claimed "excusable neglect" was that defendant had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion).

Here, the registered agent exhibited the same sort of lax approach excused in the cases cited above. She did not evince an intentional flouting or blatant disregard of court rules or procedures. Also, Neighborhood Watch took quick action as soon as it learned of the default, promptly entering an appearance and requesting additional time to file a motion. Accordingly, the Court finds this factor weighs in favor of setting aside the clerk's entry of default.

The Court next turns to the factor of danger of prejudice to the non-moving party. As the Eighth Circuit has repeatedly cautioned, "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F. 3d at 785. The prejudice must be more concrete, including, inter alia, loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *Id*. Here, the record does not reveal that Plaintiffs would incur any of these difficulties if the clerk's entry of default were set aside. Thus, the prejudice factor weighs in favor of setting aside the clerk's entry of default.

Lastly, Neighborhood Watch presents a meritorious defense. The central inquiry regarding whether a meritorious defense exists is whether the proffered evidence would permit a finding for the defaulting party, not whether it is undisputed. *Id.* Here, Neighborhood Watch has offered legal defenses with sufficient elaboration of the facts and the law to permit the Court to determine the potential viability of the asserted defense. There exists at least an even chance that the outcome of this action, after full consideration, would be contrary to the result achieved by a default. The existence of this meritorious defense weighs in favor of Neighborhood Watch in setting aside the clerk's entry of default for good cause.

**CONCLUSION**

Thus, pursuant to Federal Rule of Civil Procedure 55(c), the clerk's entry of default should be set aside for good cause for the reasons discussed above. The Court will therefore grant the defendant's motion to set aside the clerk's entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Woodland Lakes Community Neighborhood Watch's motion to set aside clerk's entry of default (Doc. No. 176) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Woodland Lakes Community Neighborhood Watch's motion for extension of time to file responsive pleading out of time (Doc. No. 177) is **GRANTED**. The Clerk of the Court shall detach Doc. Nos. 177-2 and 177-3 and docket them as Defendant Woodland Lakes Community Neighborhood Watch's Motion to Dismiss and Memorandum in Support.

**IT IS FURTHER ORDERED** that Plaintiffs' motions for leave to file additional memoranda in opposition to Defendant Woodland Lakes Community Neighborhood Watch's motions to set aside and for extension of time (Doc. Nos. 196 and 197) are **GRANTED**.

Dated this 22nd day of March, 2018.

                                              **JOHN A. ROSS**
                                              **UNITED STATES DISTRICT JUDGE**