UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVE CAMPBELL, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| vs. | ) Case No. 4:17-cv-02390-JAR |
| BAYLARD, BILLINGTON, DEMPSEY & JENSEN, P.C., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiffs' motion for leave to withdraw the pending motion to stay (Doc. No. 223),[1] motion for leave to appear telephonically (Doc. No. 222), and motion for leave to amend the complaint (Doc. No. 224).

On March 26, 2018, Plaintiffs filed a motion to stay these proceedings because the resolution of another pending state court case bore upon the instant lawsuit. (Doc. No. 205). The Court set the motion for a hearing on May 9, 2018, and directed Plaintiffs and counsel for Defendants to appear in person. (Doc. No. 217).

Plaintiffs in their motion to withdraw the motion to stay state that traveling to Missouri would be a hardship to Plaintiffs, who filed the motion to stay in an effort to avoid additional hardship to all parties in the case. Thus, Plaintiffs ask that their motion to stay be withdrawn. Plaintiffs also filed a motion to appear telephonically at the May 9, 2018 hearing. In light of the circumstances of this case, the Court will grant Plaintiffs' motion for leave to withdraw their pending motion to stay and deny Plaintiffs' motion to appear telephonically as moot.

Plaintiffs also filed a motion for leave to file a third amended complaint. (Doc. No. 224).

---

[1] Plaintiffs title the filing as "Plaintiffs' notice of withdrawal of Plaintiffs' pending motion to stay proceedings." However, the Court will construe the filing as a motion for leave of the Court to withdraw.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." "[H]owever, [the Court] may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007). The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union Mgmt. Pens. Fund*, 800 F.2d 742, 749 (8th Cir. 1986). A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)

Plaintiffs' lawsuit has been pending since September 11, 2017. Taking into consideration the fact that Plaintiffs are proceeding pro se, the Court previously granted Plaintiffs' request to amend their complaint, and Defendants have filed motions to dismiss Plaintiffs' first and second amended complaints. In reviewing the proposed third amended complaint, the Court acknowledges Plaintiffs' efforts to clarify and streamline their claims against Defendants. Therefore, although the Court understands that granting the motion to amend will impose a burden on Defendants, the Court will grant Plaintiffs' motion to amend. However, no further motions to amend the complaint will be permitted. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (holding that parties do not have an absolute right to amend their pleadings, even under Rule 15's liberal standard).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to withdraw their motion to stay (Doc. No. 223) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to appear telephonically (Doc. No. 222) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the hearing scheduled on May 9, 2018, is **CANCELLED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a third amended complaint (Doc. No. 224) is **GRANTED**. The Clerk of the Court is directed to detach Doc. No. 224-2 and docket it as Plaintiffs' Third Amended Complaint.

**IT IS FURTHER ORDERED** that the motions to dismiss filed by Defendants David Lawrence Baylard, Baylard, Billington, Dempsey & Jensen, P.C., and Damian Robert Struzzi (Doc. No. 120); Michael Bernheisel, Cynthia Borgard, John Buhmann, Darin Carter, Deborah Ann Clutter, Thomas Leon Colyott, Francis Oscar Darian, Jr, Cheryl Davis, Lawrence Deis, Michael Frank, Bryan Griffith, Sr, Arthur Hurlburt, Crystal Michelle Kallansrud, Craig Kinneman, Linda Mantia, William David Mitchell, James Moldovan, Robert Murphy, Linda Nolen, Russell Richards, Dora Rulo, Thomas Larue Smith, Jr, David Vilcek, Lance E. Wood, and Woodland Lakes Trusteeship, Inc. (Doc. No. 125); Wendy Wexler Horn, Douglas R. Bader, and Laura Thielmeier Roy (Doc. No. 127); Law Office of Gary G. Matheny, and Gary Glen Matheny (Doc. No. 129); and Defendant Woodland Lakes Community Neighborhood Watch (Doc. No. 202) are **DENIED as moot**.

Dated this 4th day of May, 2018.

                                                 **JOHN A. ROSS**
                                               **UNITED STATES DISTRICT JUDGE**