UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVE CAMPBELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-02390-JAR |
| ) | |
| BAYLARD, BILLINGTON, DEMPSEY & ) | |
| JENSEN, P.C., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

This matter is before the Court on a number of pending motions filed by Plaintiffs, which the Court will address in this Order.

Motion to Disqualify Judge

Plaintiffs again seek to disqualify the undersigned for cause (Doc. No. 246). They have submitted an affidavit in support of their motion setting forth the following grievances with the undersigned: (1) allowing Defendants to engage in limited discovery following Plaintiffs' notice to the Court that a representative of Defendant Woodland Lakes Trusteeship, Inc. improperly contacted them; (2) advising Plaintiffs that they must file any motion for sanctions with the Court; (3) failing to admonish Defendants' purported violations of the Federal Rules; (4) acknowledging that Plaintiffs' amended complaint "may well be futile";[1] (5) denying Plaintiffs' motion to waive PACER fees; and (6) setting Plaintiffs' motion to stay for a hearing, among other grievances.

Recusal is required when an average person knowing all the relevant facts of a case might reasonably question a judge's impartiality. *Dossett v. First State Bank*, 399 F.3d 940, 952–53 (8th Cir.2005); *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). "Adverse judicial rulings,

---

[1] The undersigned notes that Plaintiffs' motions for leave to amend were granted. (Doc. Nos. 110 & 225).

however, 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal." *Dossett*, 399 F.3d at 953 (quoting *Liteky v. United States*, 510 U.S. 540, 555, (1994)).

In order for Plaintiffs to meet their burden of proof for recusal, they must submit an affidavit setting forth specific and sufficient facts to convince a reasonable mind of the judge's personal bias and prejudice. 28 U.S.C. § 144; *Deal v. Warner*, 369 F. Supp. 174 (W.D. Mo. 1973). When, as here, such an affidavit is presented, the factual allegations of the affidavit are accepted as true for the purpose of determining whether disqualification is legally warranted. *Orr v. Missouri*, No. 2:10-CV-04019-NKL, 2010 WL 2216471, at *1 (W.D. Mo. May 28, 2010). If the allegations, accepted as true, state sufficient grounds for recusal, the motion must be granted. *Id.* If the allegations of the affidavit do not state legally sufficient grounds, the judge is duty-bound not to recuse. *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970).

Here, the allegations contained in Plaintiffs' affidavit are legally insufficient to warrant recusal because they do not reflect the statutorily-required personal bias. Rather, it appears that Plaintiffs disagree with any rulings not in their favor, which almost never warrants recusal. *Dossett*, 399 F.3d at 953. The motion to disqualify will be denied.

Motion for Reconsideration

Plaintiffs also filed a motion for leave to file a motion for reconsideration of this Court's May 17, 2018 Order (Doc. No. 248) pursuant to Federal Rule of Civil Procedure 59(e), which the Court will simply construe as a motion for reconsideration.[2] That order permitted Defendants to engage in limited discovery following Plaintiffs' prompt notice to the Court that John Kimack, a representative of Defendant Woodland Lakes Trusteeship, Inc., improperly contacted them.

---

[2] Plaintiffs do not need to seek leave of the Court to file a motion for reconsideration.

2

The Federal Rules do not specifically provide for motions for reconsideration, although they are frequently filed. A motion for reconsideration is typically construed either as a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. *Auto Services Co. v. KPMG, L.L.P.*, 537 F .3d 853, 855 (8th Cir. 2008). However, both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order. Fed. R. Civ. P. 59(e), 60(b); *HM Compounding Servs., LLC v. Express Scripts, Inc.*, No. 4:14-CV-1858 JAR, 2017 WL 2118012, at *1 (E.D. Mo. May 16, 2017); 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed. 1995).

Here, Plaintiffs seek reconsideration of an interlocutory, or non-final, order. While the Court has even greater discretion to grant a motion to reconsider an interlocutory order, it also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders. *HM Compounding Servs., LLC*, 2017 WL 2118012, at *1. Accordingly, the Court may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error. *Id.*; see also *Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09–CV–00026–SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011).

In their motion, Plaintiffs argue that Defendants' motion for discovery was invasive, premature, and based on altered documents. This does not satisfy the standard required for them to prevail on a motion for reconsideration of an interlocutory order, since Plaintiffs had a fair opportunity to argue the matter previously, and no significant error has occurred. Plaintiffs have failed to present any evidence that the requests were made to harass them, invade their privacy, or gather unfair information. Thus, the order allowing limited discovery will enable the parties to

3

determine if improper contact was made and ensure that such contact does not occur in the future. The motion for reconsideration will be denied.

Motion for Limited Discovery

Plaintiffs filed a motion to allow limited discovery (Doc. No. 249) and a motion for leave to file an additional memorandum in support that motion (Doc. No. 255). The Court considered the additional memorandum in support, and therefore, Plaintiffs will be granted leave to file it.

Plaintiffs seek a sworn statement from each Defendant regarding contacts with Plaintiffs on May 3, 2018; production of all Defendants' May 3, 2018 telephone statements; a subpoena to question various individuals; and the name of the employee who operated the subdivision's gate on November 12, 2011. In their additional memorandum, Plaintiffs contend that they are in possession of their May 3, 2018 phone statement, which reflects that a telephone number registered to John Kimack was used to contact Plaintiffs, which directly contradicts Mr. Kimack's affidavit stating that he did not contact Plaintiffs.[3]

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f). The rule is subject to limited exceptions, including a court order permitting discovery. Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

Here, the Court previously granted Defendant's request for limited discovery for the sole purpose of determining whether improper communications had taken place between Defendants

---

[3] It is unclear to the Court whether Plaintiffs provided Defendants with a copy of their telephone statement.

and Plaintiffs. It is unclear to the Court what good cause exists for Plaintiffs' request for further expedited limited discovery. The information Plaintiffs seek will be available to them once discovery commences. Engaging in the discovery requested at this early stage is simply unnecessary. Therefore, Plaintiffs' motion for limited discovery will be denied. Any further discovery regarding the merits of this case or truthfulness of any party must be reserved pending a ruling from this Court on Defendants' motions to dismiss and a scheduling conference with the Court, as required by the Federal Rules of Civil Procedure.

Various other motions

Plaintiffs have filed several motions for leave to withdraw previously-filed motions (Doc. Nos. 247, 272, 279, and 285). Those motions will be granted. Plaintiffs' motion for leave to file an additional memorandum (Doc. No. 286) will also be granted.

Plaintiffs also filed a motion for leave to amend their notice of appeal (Doc. No. 273). Although the Court has jurisdiction to rule on Plaintiffs' motion (*see Foster v. Cerro Gordo Cty.*, 697 F. App'x 484, 485 (8th Cir. 2017) (holding that district court has jurisdiction to rule on a motion to amend a notice of appeal)), the motion will be denied because Plaintiffs seek to add additional interlocutory orders to their original Notice of Interlocutory Appeal. If Plaintiffs wish to appeal those orders, they must file new notices of appeal.

Plaintiffs filed a motion for leave to file an amended objection (Doc. No 274) to the Court's February 26, 2018 Order, which denied Plaintiffs' motion for the recusal of the undersigned. A motion for leave is not required to file such a notice. Therefore, the Court will direct the Clerk of the Court to re-docket the motion as a notice to the Court. Similarly, Plaintiffs' motion for leave to enter an additional memorandum to object to attorney Sean Dolan's actions (Doc. No. 264) will be construed as a notice to the Court.

Lastly, Plaintiffs filed a motion for leave to file oppositions to Defendants' five motions to dismiss out of time. (Doc. No. 290). Under Local Rule 7-4.01, any party opposing a motion shall file, within seven days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies. Defendants filed motions to dismiss the third amended complaint on May 16, 2018 (Doc. No. 231) and May 18, 2018 (Doc. Nos. 235, 238, 240, and 243). Plaintiffs seek to oppose those motions well out of time. However, in an effort to move this litigation forward, the Court will grant Plaintiffs' motion for leave to file their opposition to the motions to dismiss out of time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiffs' motion to disqualify the undersigned for cause (Doc. No. 246) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiffs' motion for reconsideration of this Court's May 17, 2018 Order (Doc. No. 248) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file additional memorandum in support of Plaintiffs' motion for leave to allow limited discovery (Doc. No. 255) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file motion to allow limited discovery as to all Defendants (Doc. No. 249) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motions to withdraw (Doc. Nos. 247, 272, 279, and 285) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file an additional memorandum (Doc. No. 286) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to amend their notice of appeal (Doc. No. 273) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file an amended objection to the Court's February 26, 2018 Order (Doc. No 274) will be construed as a notice to the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to enter an additional memorandum to object to attorney Sean Dolan's actions (Doc. No. 264) will be construed as a notice to the Court.

**IT IS FINALLY ORDERED** that Plaintiffs' motion for leave to file oppositions to Defendants' five motions to dismiss out of time (Doc. No. 290) is **GRANTED.** The Clerk of the Court is directed to detach the responses in opposition and docket them as separate entries.

Dated this 10th day of July, 2018.

                                          */s/ John A. Ross*
                                          **JOHN A. ROSS**
                                          **UNITED STATES DISTRICT JUDGE**